UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER WATERKEEPER, an Idaho non-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>J.R. SIMPLOT COMPANY, a Nevada corporation; and SIMPLOT LIVESTOCK CO., a Nevada corporation,<br><br>    Defendants. | Case No. 1:23-cv-00239-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants J.R. Simplot Company and Simplot Livestock Co.'s (collectively, "Simplot") Motion to Stay Discovery. Dkt. 22. Plaintiff Snake River Waterkeeper ("SRW") opposes the Motion. Dkt. 27. Because oral argument would not significantly aid its decision-making process, the Court will decide the Motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the Motion, and will briefly stay discovery until it issues a decision on Simplot's pending Motion to Dismiss. Dkt. 21.

## II. BACKGROUND

Simplot's Grand View Feedlot and land application fields (collectively, "Simplot's Facility") span approximately nine square miles near Grand View, Idaho. SRW alleges Simplot's Facility generates at least 47,450 tons of manure every year that Simplot has

failed to properly manage. Dkt. 1, ¶¶ 2–3. Due to Simplot's purported mismanagement, SRW contends manure and manure-laden water from Simplot's Facility course through streams, canals, and ditches, and flow into the nearby Snake River. *Id*. On May 9, 2023, SRW filed the instant citizen suit under the Clean Water Act, 33 U.S.C. § 1251 *et seq*. ("CWA"),[1] seeking declaratory and injunctive relief for Simplot's allegedly unlawful discharge of pollutants to the Snake River.

Under Section 505(b) of the CWA and 40 C.F.R. § 135.3(a), a plaintiff must give a defendant detailed notice of an alleged violation 60-days prior to commencing a civil enforcement action. Specifically, the 60-day notice must identify "the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." 40 C.F.R. § 135.3(a).

The notice requirement strikes "a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." *Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 29 (1989). A "strictly construed" notice requirement preserves this balance "in two ways: by giving government entities the first opportunity to enforce environmental regulations and by giving the alleged violator a chance to comply with the CWA, thereby making a citizen suit unnecessary."

---

[1] The CWA allows a citizen to bring a private suit against alleged violators. 33 U.S.C. § 1365(a). The purpose behind the citizen-suit provision is to permit citizens to enforce the CWA when the responsible agencies fail or refuse to do so. *San Francisco Baykeeper v. Cargill Salt Div.*, 481 F.3d 700, 706 (9th Cir. 2007).

*Friends of Frederick Seig Grove #94 v. Sonoma Cty. Water Agency*, 124 F. Supp. 2d 1161, 1166 (N.D. Cal. 2000). Failure to include sufficient information in a notice frustrates these purposes and divests a federal court of jurisdiction to consider the citizen suit. *Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995) (finding the district court appropriately dismissed citizen suit for lack of subject matter jurisdiction where a 60-day notice did not include the information required under 40 C.F.R. 135.3(a)).

On January 30, 2023, SRW sent a 60-day notice of Simplot's alleged violations and its intent to file suit to Simplot, Simplot's registered agent, the United States Environmental Protection Agency ("EPA"), and the Idaho Department of Environmental Quality. Dkt. 1, ¶ 9; Dkt. 1-1. When Simplot purportedly failed to correct its violations, SRW filed the instant suit on May 9, 2023. Dkt. 1. Simplot answered SRW's Complaint on June 5, 2023. Dkt. 14.

On July 5, 2023, Simplot filed a Motion to Dismiss, arguing the Court lacks subject matter jurisdiction due to the alleged insufficiency of SRW's 60-day notice. Dkt. 21. Specifically, Simplot maintains SRW's 60-day notice did not describe "exactly where, when, and how such alleged illicit discharges occur on or from Simplot's Facility as required by the citizen suit implementing regulation." Dkt. 21-1, at 7.[2] Because SRW's 60-day notice purportedly required Simplot to speculate as to the cause, location, and dates of

---

[2] Page citations are to the ECF-generated page number.

Simplot's alleged illicit discharges, Simplot argues this Court lacks subject matter jurisdiction to resolve this dispute.[3]

Simplot filed the instant Motion to Stay Discovery on July 7, 2023, asking the Court to stay all discovery until Simplot's Motion to Dismiss is resolved. Dkt. 22. Simplot maintains it will be prejudiced by any other result because it will be required to respond to extensive discovery requests "before jurisdiction is even established, providing [SRW] with information that it did not have before it filed its deficient notice and thereby turning the citizen suit notice requirement squarely on its head." *Id*. at 2. SRW opposes the Motion to Stay Discovery, contending Simplot has failed to establish good cause for a stay. *See generally*, Dkt. 27.

### III. LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011); *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 41 (N.D. Cal. 1990) (noting that if "the Federal Rules contemplated that a motion to dismiss

---

[3] Pursuant to Federal Rule of Civil Procedure 12(c)(1), Simplot's Motion to Dismiss also argues that SRW fails to state a claim for unpermitted discharges under the CWA. Dkt. 21-1, at 22–26. Regardless of this alternative argument, Simplot contends the Court must decide the Motion to Stay on the basis of SRW's insufficient 60-day notice because, if the notice was indeed deficient, the Court lacks jurisdiction to resolve whether or not SRW states a claim under the CWA. Dkt. 29, at 2 n.1. Since the Court must resolve jurisdictional issues before considering the merits of a case, it decides the Motion to Stay Discovery based solely on Simplot's jurisdictional argument, and not on its alternative contention that SRW fails to state a claim. *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998) ("In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—to adjudicate the dispute."); *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) ("Subject matter jurisdiction is a threshold issue in the absence of which the court cannot proceed to hear other issues.").

under Fed. R. Civ. Proc. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). However, under Federal Rule of Civil Procedure 26(c)(1), a court may limit the scope of disclosures or discovery on certain matters, including forbidding discovery or specifying when it will occur, upon a showing of "good cause or where justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." *Tradebay,* 278 F.R.D. at 601; *Clardy v. Gilmore*, 773 Fed. App'x 958, 959 (9th Cir. Jul. 22, 2019) (affirming stay of discovery under Rule 26(c) because discovery "would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion, were resolved.").

In addition to staying discovery under Federal Rule of Civil Procedure 26(c)(1), a district court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This power includes the discretion to stay discovery pending resolution of a potentially dispositive motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

## IV. ANALYSIS

### A. Stay Pursuant to Rule 26(c)(1)

While the parties agree that Simplot must establish good cause to obtain a stay of discovery, they have differing interpretations of the good cause required for stay motions

filed concurrently with a motion to dismiss. SRW suggests a stay of discovery is warranted when a dispositive motion is pending only if a court is "convinced" that the plaintiff has "no chance of prevailing over the motion to dismiss." Dkt. 27, at 6 (quoting *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997)). Courts have applied the latter standard to deny a motion to stay discovery filed concurrently with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*; *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *5–7 (E.D. Cal. Feb. 7, 2011) (collecting cases); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (explaining a district court may exercise its discretion to stay discovery if it has no doubt that the plaintiff will be unable to state a claim). By contrast, Simplot argues there is good cause to stay discovery where, as here, a dispositive motion raises threshold questions regarding jurisdiction, exhaustion, venue, or immunity. Dkt. 22, at 3; Dkt. 29, at 5–7.

Although the Ninth Circuit has not articulated a controlling standard to determine whether a stay of discovery is warranted when a dispositive motion is pending, *Page v. Shumaker Mallory*, 2022 WL 1308286, at *1 (D. Nev. Apr. 29, 2022), a party can establish good cause to stay discovery where a dispositive motion raises jurisdictional issues that may dispose of the entire case. *Tradebay*, 278 F.R.D. at 600. Many courts—including the District of Idaho—have so held. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming district court's stay of discovery while the issue of defendant's immunity was decided); *Norvell v. Blue Cross and Blue Shield Assoc.*, 2018 WL 4335612, at *6 (D. Idaho Sept. 10, 2018) (finding the dual interests of judicial economy and conserving the resources of the parties warranted a stay of discovery pending resolution of defendants' motion to

MEMORANDUM DECISION AND ORDER - 6

dismiss for lack of subject matter jurisdiction); *Stock v. C.I.R.*, 2000 WL 33138102, at *2 (D. Idaho Dec. 20, 2000) (granting stay of discovery because the "parties should first and foremost be focused on the two pending motions to dismiss. Obviously, if one or both of the motions were to be granted, then discovery in this case would become moot. On the other hand, if one or both of the motions were denied, the delay in proceedings with discovery would be of little impact.")[4]; *Nicolas v. Barr*, 2020 WL 3868497, at *3 (S.D. Cal. Jul. 9, 2020) ("It is well-settled that a court has jurisdiction to determine its own jurisdiction, and may stay a matter in order to do so."); *Camacho v. United States*, 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) (finding good cause to stay discovery until defendants' motion to dismiss for lack of subject matter jurisdiction was decided); *Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 507 (D. Nev. 2013) (holding the interests of a just, speedy, and inexpensive resolution of the case justified temporarily staying discovery pending resolution of jurisdictional and immunity issues raised in motions to dismiss); *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) ("[A] a pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery, until the question of jurisdiction is resolved"); *see also* 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2040 (3d ed. 2010) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved.").

---

[4] One of the two motions to dismiss in *Stock* challenged the court's subject matter jurisdiction. *Id*.

MEMORANDUM DECISION AND ORDER - 7

Simplot argues there is good cause to stay discovery pending resolution of Simplot's motion to dismiss because, if successful, the motion to dismiss will dispose of this action in its entirety, thus obviating the need for the time and expense associated with engaging in discovery. Dkt. 22, at 3. The Court agrees. If the Court finds the 60-day notice was deficient, it lacks jurisdiction and must dismiss the case. *Ctr. for Biological Diversity v. Marina Pt. Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) ("[T]he giving of a 60-day notice is not simply a desideratum; it is a jurisdictional necessity."); *ONRC Action v. Columbia Plywood, Inc.*, 286 F.3d 1137, 1144 (9th Cir. 2002) (affirming the district court's dismissal of CWA claims for lack of jurisdiction due to an insufficient 60-day notice); *Wash. Trout*, 45 F.3d at 1354–55 ("The notice provided to McCain was insufficient as required by the regulations promulgated under the CWA. Therefore, the district court was correct in dismissing the action for lack of subject matter jurisdiction."); *Hallstrom*, 493 U.S. at 26 ("Under a literal reading of the statute, compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit.")[5]; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[5] In its opposition to Simplot's Motion to Dismiss, SRW highlights the Supreme Court stated in *Hallstrom* that it need not determine whether the 60-day notice requirement "is jurisdictional in the strict sense of the term." Dkt. 26, at 19 (quoting *Hallstrom*, 493 U.S. at 31). However, the practical effect of *Hallstrom* is that dismissal is *mandatory* when a plaintiff fails to comply with the 60-day notice provision requirement of the CWA; "a district court may not disregard [the 60-day notice requirement] at its discretion." *Hallstrom*, 493 at 31. Because the 60-day notice requirement is a mandatory precondition to suit, it is "in that sense a jurisdictional prerequisite." *Id*. (quoting *Real Estate Ass'n, Inc., v. McNary*, 454 U.S. 100, 137 (1981)).

Consistent with other judges of this District, the Court finds good cause to stay discovery because the pending motion to dismiss raises a threshold question regarding the Court's subject matter jurisdiction. *Norvell*, 2018 WL 4335612, at *4; *Stock*, 2000 WL 33138102, at *2. If SRW's 60-day notice was deficient, there will be no need for discovery because the Court will not have jurisdiction to adjudicate this dispute. *Wash. Trout*, 45 F.3d at 1355.

### B. Discretionary Stay

As noted, in addition to staying discovery pursuant to Federal Rule of Civil Procedure 26(c)(1), a district court also maintains the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay pursuant to its inherent authority, the Court must weigh competing interests, including:(1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

### 1. Prejudice to SRW

Although it does not explicitly so state,[6] SRW appears to suggest it will be prejudiced by a stay because discovery "could further buttress the adequacy of the [60-day

---

[6] Elsewhere in its opposition to Simplot's Motion to Stay, SRW suggests "any prejudice by delay through a stay would redound against the Snake River." Dkt. 27, at 14. While the Court is sensitive to SRW's position, it lacks authority to redress Simplot's alleged harm to the Snake River if SRW's 60-day notice was indeed deficient. *Washington Trout*, 45 F.3d at 1354; 15 C. Wright, A. Miller & E. Cooper, Federal

notice].” Dkt. 27, at 11. For instance, SRW contends “if, after receiving the Notice, Simplot arranged for water or soil testing at various conveyances on its property that it knew or suspected carried water to the public access points where SRW obtained samples, that would very strongly refute any assertion by Simplot of the [60-day notice’s] inadequacy.” *Id.* In support of this argument, SRW cites two cases where courts found a defendant’s post-notice activities were relevant in determining the sufficiency of a 60-day notice. *Id.* (citing *Coastal Envtl. Rights Found. v. Am. Recycling Int’l, Inc.*, 2017 WL 6270395, at *6 (S.D. Cal. Dec. 8, 2017) (“*Coastal*”) and *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 997 (9th Cir. 2000) (“*Natural Resources*”).[7]

In *Coastal* and *Natural Resources*, the respective courts found a defendant’s conduct upon receipt of a 60-day notice was relevant to whether the 60-day notice conferred jurisdiction over specific alleged violations, rather than to whether the court had jurisdiction over the dispute in its entirety. *Coastal*, 2017 WL 6270395, at *6 (“Defendant’s sampling of two storm events in January 2017—three to four weeks after it received Plaintiff’s Pre-Suit Notice claiming it had failed to conduct adequate sampling—

---

Practice and Procedure § 3844, at 332 (1986) (explaining if jurisdiction is lacking at the outset, the district court has “no power to do anything with the case except dismiss”).

[7] SRW raises the potential need for jurisdictional discovery because, in its Motion to Stay, Simplot contends a stay of discovery is appropriate “where, as here, neither party disputes that discovery is unnecessary to [the pending dispositive motion’s] resolution.” Dkt. 22, at 3 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)). SRW thus disputes whether discovery is necessary to resolve Simplot’s Motion to Dismiss. However, as SRW itself points out, the Ninth Circuit’s comment that a stay of discovery may be warranted where discovery is unnecessary was merely “dicta from the Ninth Circuit affirming the district court’s exercise of its discretion in staying discovery during the pendency of a motion to dismiss.” Dkt. 27, at 10 (quoting *HUB Int’l Nw. LLC v. Larson*, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023)). In *HUB*, the court highlighted a stay of discovery may be prudent where, as here, a pending motion to dismiss raises a “pure legal issue[]” such as subject matter jurisdiction. *Id.* at *3.

MEMORANDUM DECISION AND ORDER - 10

demonstrates that Defendant understood at least some of Plaintiff's allegations with respect to its deficient Monitoring & Reporting Program."); *Nat. Res.*, 236 F.3d at 998 ("Unlike in *Washington Trout*, and *Hallstrom*, the question in this case is not whether the district court had subject matter jurisdiction over *any part* of Plaintiffs' action; Defendant does not contest that the notice was adequate as to the allegation that it had to prepare an adequate [Storm Water Pollution Prevention Plan]. Rather, the question is whether the district court exercised jurisdiction over *particular issues* that were not raised in the notice letter and, thus, were beyond the scope of the court's jurisdiction.") (emphasis in original).

Here, as in *Hallstrom* and *Washington Trout*, Simplot argues the Court lacks subject matter jurisdiction to adjudicate *any* of Simplot's alleged violations because SRW failed to comply with the facial requirements of the CWA. *Hallstrom*, 493 U.S. at 23–24 (addressing plaintiffs' failure to notify the EPA and Oregon's Department of Environmental Quality of their intent to sue); *Wash. Trout*, 45 F.3d at 1352–54 (explaining defendant's 60-day notice was defective because it did not (1) identify two potential plaintiffs; (2) provide the address and telephone number for one plaintiff; or (3) specify the dates of any alleged violations). Specifically, Simplot argues SRW's 60-day notice insufficiently identifies the activity alleged to constitute a violation, the location of the alleged violation, or the date or dates of such alleged violation. Dkt. 21-1, at 14–21. If the Court agrees with Simplot on any of the aforementioned contentions, the Court must dismiss this case because it lacks jurisdiction. *Hallstrom*, 493 U.S. at 31. Since Simplot argues SRW's 60-day notice was inadequate to confer the Court with jurisdiction over *any* of Simplot's alleged violations, *Coastal* and *Natural Resources* are inapposite. Moreover,

because subject matter jurisdiction "'must exist as of the time the action is commenced,' permitting plaintiff to engage in discovery in an attempt to establish jurisdiction is inappropriate." *Ministerio Roca Solida*, 288 F.R.D. at 506 (quoting *Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)).

To be clear, Simplot bears the burden of establishing a stay is warranted. *Clinton*, 520 U.S. at 708. Yet, in determining whether to grant a stay pursuant to its inherent power, the Court must weigh competing interests, including the interests of the party opposing the stay. *CMAX*, 200 F.2d at 268. As such, the Court finds the absence of prejudice to SRW weighs in favor of granting a stay. *See, e.g., H.M. et al. v. United States*, 2017 WL 6888705, at *3 (C.D. Cal. Oct. 16, 2017) ("While Plaintiffs assert that a stay is premature and that there is a possibility of prejudice caused by any undue delay in the litigation, they provide no concrete examples of potential harm"); *Prescott v. Nestle, USA, Inc*., 2020 WL 7053317, at *3 (N.D. Cal. Nov. 25, 2020) (granting a stay request where the party opposing the stay did not articulate any concrete prejudice flowing from delay); *Bank of Am., N.A., v. Boulder Creek Homeowners Assoc*., 2016 WL 5477998, at *1 (D. Nev. Sept. 27, 2016) (finding prejudice to the opposing party was minimal, and granting stay, where the only potential harm to the opposing party was delay). Further, because this case is in its infancy, without a Scheduling Order, and, as such, without any deadlines that would be jeopardized in the event Simplot's Motion to Dismiss is denied, the Court finds SRW will not be prejudiced by a stay of proceedings pending resolution of Simplot's Motion to Dismiss. *Norvell*, 2018 WL 4335612, at *5; *Verco Decking, Inc., v. Consol. Sys., Inc.*, 2012 WL 12827398, at *5

(D. Ariz. Oct. 29, 2012) (finding the fact that case was at an early stage weighed in favor of granting a stay).

### 2. *Prejudice to Simplot*

To obtain a stay, the moving party has the burden to "make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255. Simplot has met this burden here. Specifically, Simplot highlights that staying discovery until the Court assures itself that it has jurisdiction is critical because counsel for SRW has advised Simplot's counsel that SRW intends to immediately seek a site inspection pursuant to Federal Rule of Civil Procedure 34. Dkt. 29, at 6. Simplot contends this inspection would be extremely invasive given that the site in question is a working feedlot. *Id.* SRW has also indicated that this is a "complex case," requiring voluminous discovery, including records dating back to 2010—well beyond the statute of limitations in this case. *Id.*; *see also* Dkt. 23; Dkt. 24. Simplot notes it will resist "an invasive Rule 34 request and will dispute discovery requests beyond the statute of limitations," including by filing a "motion for protective order in the immediate future if this case is allowed to proceed." Dkt. 29, at 6. Further, if, due to an inadequate 60-day notice, Simplot is indeed unaware of the specific CWA violations SRW alleges, attempting to search for responsive information could be exceedingly burdensome, if not impossible.

Although the Court has not assured itself subject matter jurisdiction to resolve this dispute, there are multiple issues pending or on the horizon, including: SRW's intended Rule 34 request; the extent of discovery SRW seeks; Simplot's purported lack of clarity regarding its alleged violations; and Simplot's indication that it will resist discovery,

requiring the parties to meet and confer, participate in the Court's mediation process if they cannot resolve their discovery disputes, and potentially engage in motion practice. Given such issues, Simplot would be prejudiced by being required to submit to— or challenge— extensive discovery amidst uncertainty regarding whether this case will proceed. *Liberty Media Holdings, LLC v. Letyagin*, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012) ("A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him.").

3. *Judicial Economy*

Finally, there is no question that a stay would conserve judicial economy. Not only would a contentious discovery process increase the expense and time both parties must expend, it would also burden the Court and may delay a decision on Simplot's Motion to Dismiss. *Winters v. Loan Depot, LLC*, 2021 WL 2581332, at *2 (D. Ariz. Jun. 23, 2021) (finding a stay of discovery furthered the goal of efficiency for the court and litigants where the court's subject matter jurisdiction was challenged). Given its heavy docket, the Court has neither the time nor the inclination to potentially referee discovery and decide discovery motions before the threshold issue of subject matter jurisdiction is even decided. Indeed, the Court is governed by Rule 1 of the Federal Rules of Civil Procedure and its mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding." Granting a stay of discovery while the Motion to Dismiss is decided furthers this policy.

//

//

## V. CONCLUSION

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Simplot has established good cause to stay discovery while the Court resolves the issue of subject matter jurisdiction. In addition, because the Court finds a stay will promote economy of time and effort for itself, for counsel, and for the parties, it exercises its inherent power to stay discovery pending resolution of Simplot's Motion to Dismiss.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1.  Simplot's Motion to Stay Discovery (Dkt. 22) is **GRANTED**.

2.  The parties may not engage in discovery until the Court issues a decision on Simplot's Motion to Dismiss (Dkt. 21).

DATED: September 06, 2023

David C. Nye
Chief U.S. District Court Judge